1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  PATRICIA WEBBER HEIM, State Bar No. 230889
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5603
    Fax:  (415) 703-5843
8   Email:  Patricia.Heim@doj.ca.gov

9  Attorneys for Respondent

10

11              IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  W. LYNN MCCLORE,                          C 07-3251 WHA (PR)

16                            Petitioner,     **ANSWER TO ORDER TO
                                              SHOW CAUSE;**
17         v.                                 **MEMORANDUM OF POINTS
                                              AND AUTHORITIES**
18  MARGARITA PEREZ, Director
    B. CURRY, Warden                          Judge:      The Honorable
19                                                        William Alsup
                              Respondents.
20

21                          **INTRODUCTION**

22         Petitioner W. Lynn McClore is a California state inmate at the Correctional Training

23  Facility, proceeding pro se in this habeas corpus action.  Petitioner, who is currently serving an

24  indeterminate life term for kidnap for robbery, alleges that the Board of Parole Hearings (Board)

25  unconstitutionally denied him parole at his 2005 parole consideration hearing.  McClore alleges

26  that his due process rights were violated because there was no evidence to support the Board's

27  denial and no evidence that he was a current threat to public safety.  On June 27, 2007, this Court

28  issued an Order to Show Cause.

Respondent Warden Ben Curry answers as follows[1]:

## ANSWER TO ORDER TO SHOW CAUSE

In response to the petition for writ of habeas corpus filed in this Court on June 20, 2006, Respondent hereby admits, denies, and alleges the following:

1.    McClore is lawfully in the custody of the California Department of Corrections and Rehabilitation following his March 31, 1987 conviction for kidnap for robbery. (Ex. 1 – Amended Judgment.) McClore is currently serving an indeterminate life sentence. (*Id.*) McClore does not challenge his underlying conviction in the current proceeding. (Order to Show Cause at 1.)

2.    Respondent affirmatively alleges that on November 25, 1985, the victim was about to get out of her car in the parking lot of a Wendy's restaurant. (Ex. 2 – Appellate Order at 2.) McClore's co-defendant opened the victim's car door and demanded her purse and money. (*Id.*) When the victim said she did not have her purse, McClore's co-defendant hit her across the face and forced her by the neck into the passenger seat. (*Id.*) The victim gave McClore's co-defendant her car keys and told him her purse was in the trunk. (*Id.*) When McClore's co-defendant went to get the victim's purse out of the trunk, he told her not to try to get away because he had a gun and he would "use it." (Ex. 3 at 3 – Probation Officer's Report.) The victim saw McClore outside the passenger door to her car as his co-defendant went through her purse. (Ex. 2 at 2.) McClore got into the victim's car on the passenger side, his co-defendant got into the car on the driver's side, and they pushed the victim into the back seat of her car. (*Id.*) After he got into the car, McClore told the victim "if you make a stupid move, we're going to kill you, we have a gun." (Ex. 3 at 3.) When the victim told the two men to "take [her] car, take everything, just let me out," one of the men told her to "sit back. We are going for a ride." (Ex. 2 at 2.) McClore went through the victim's purse as they drove, and took money from her wallet.

---

1. A proper habeas respondent is the person having custody of the petitioner, such as the warden. Rule 2(a), 28 U.S.C. § 2254. Therefore, this Answer is filed on behalf of Respondent Acting Warden Ben Curry. However, because the petition challenges a parole consideration hearing, the Board is used interchangeably with Respondent in this Answer and the supporting Memorandum of Points and Authorities.

Answer to Order to Show Cause; Memorandum of Points and Authorities                     *McClore v. Perez*
                                                                                                                                          C 07-3251 WHA (PR)

2

1  (*Id.*) McClore demanded that the victim write out and give him a check for $ 200 dollars, ripped

2  a necklace from the victim's neck, and took rings from her fingers. (*Id.*) McClore and his co-

3  defendant took the victim to two stores where they forced her to buy them shoes and clothing

4  before they released her on the side of the freeway hours later. (*Id.*) The victim then fled down

5  an embankment and called the police. (Ex. 3 at 3.)

6       After he was arrested, McClore denied kidnaping the victim. (Ex. 3 at 10.) McClore

7  said he saw his co-defendant, who was an acquaintance, sitting in a car and went over to talk to

8  him. (*Id.*) McClore's co-defendant introduced the victim as his girlfriend. (*Id.*) After this, the

9  three went in the car to the mall, where the victim bought things for McClore's co-defendant.

10  (*Id.*) McClore said he did not feel that there was any duress, but the victim and his co-defendant

11  got into an argument about who was going to use the car. (*Id.*) McClore's co-defendant told the

12  victim to get out of the car, and then dropped off McClore at his house. (*Id.*) When McClore

13  was interviewed for his 2005 parole consideration hearing, he said that the summary of facts in

14  the probation officer's report and appellate decision were correct, and that while he participated

15  in the crime, he showed compassion for the victim. (Ex. 4 at 1-2 – October 2004 Life Prisoner

16  Evaluation Report.)

17      3.    Respondent affirmatively alleges that before committing kidnap for robbery,

18  McClore was arrested in January 1982 for theft; he was ordered to pay restitution and spent five

19  days in jail. (Ex. 3 at 6, Ex. 5 at 10 – Hearing Transcript.) Respondent also affirmatively alleges

20  that McClore was convicted in March 1982 for burglary and sentenced to two years in prison.

21  (Ex. 3 at 6, Ex. 5 at 10.) Respondent further affirmatively alleges that McClore was arrested in

22  March 1984 for assault with a deadly weapon. (Ex. 3 at 6, Ex. 5 at 10-11.)

23      4.    Respondent affirmatively alleges that McClore received a total of six serious

24  disciplinary violations while incarcerated, although two of them were received during McClore's

25  first prison term. (Ex. 4 at 5, Ex. 5 at 27.) After McClore was incarcerated for the commitment

26  offense, he received four serious disciplinary violations between 1987 and 1997 for destroying

27  state property, brewing inmate alcohol in his cell, assault and battery causing great bodily injury,

28  and failure to participate. (Ex. 4 at 5, Ex. 5 at 27-29.)

Answer to Order to Show Cause; Memorandum of Points and Authorities

*McClore v. Perez*
C 07-3251 WHA (PR)

1    5.    Respondent affirmatively alleges that the psychological evaluator noted in his

2  evaluation of McClore no evidence of a contributory clinical disorder, but a history of adult anti-

3  social behavior. (Ex. 5 at 29.) The psychological evaluator noted that McClore posed a

4  "considerably lower degree of threat than the average Level 2 inmate and if released to the

5  community, [McClore] presented no more threat of violence or dangerousness than any other

6  citizen in the community." (*Id.* at 31.)

7    6.    Respondent affirmatively alleges that a representative of the Los Angeles

8  County District Attorney's Office appeared at the 2005 hearing and opposed McClore's release

9  on parole. (Ex. 5 at 34-35.)

10    7.    Respondent admits that the Board denied McClore parole on September 12, 2005.

11  (Ex. 5.)

12    8.    Respondent admits that McClore filed a petition in Los Angeles County

13  Superior Court on February 7, 2006, and the Los Angeles Superior Court denied McClore's

14  petition for writ of habeas corpus on October 23, 2006.[2] (Ex. 6 – Superior Court Minute Order.)

15  After independently reviewing the record, and giving deference to the Board's broad discretion,

16  the superior court concluded that the record contained some evidence to support the Board's

17  denial of parole. (Ex. 6 at 1, citing Cal. Code Regs. tit. 15, § 2402; *In re Rosenkrantz*, 29 Cal.

18  4th 616 (2002).) The superior court noted that the Board found McClore unsuitable based on the

19  commitment offense, his receipt of a serious disciplinary violation in 1994 for assault and battery

20  causing great bodily injury, his lack of insight into the crime, and McClore's difficulty

21  controlling his temper and behavior at the last five parole consideration hearings. (*Id.*, citing Cal.

22  Code Regs, tit. 15, § 2402(b), (c)(6), (d)(3).) The superior court found that the Board acted

23  within its authority when it considered McClore's "various preconviction and post conviction

24  factors, yet concluded that he would pose an unreasonable threat to public safety." (*Id.* at 2,

25  citing Cal. Penal Code, § 3041(b).)

26  _____

27    2. Although Respondent requested the lower court documents numerous times, the superior
    court has not yet sent the petition. However, McClore attached his superior court petition to this
28  Petition and it appears that McClore generally alleged the same causes of action he claims here.

1    9.    Respondent admits that McClore filed a petition in the California Court of Appeal

2    on December 4, 2006.[3/] (Ex. 7 – Cal. Ct. App. Order.)  Respondent further admits that on

3    January 11, 2007, the California Court of Appeal denied McClore's petition for writ of habeas

4    corpus, citing *In re Dannenberg*, 34 Cal. 4th 1061, 1070-1095 (2005) and *In re Rosenkrantz*, 29

5    Cal. 4th 616, 676-677 (2002).  (*Id.*)

6    10.    Respondent admits that McClore filed a petition for review in the California

7    Supreme Court on January 17, 2007 generally alleging the same causes of action he alleges here.

8    (Ex. 8 – Cal. Sup Ct. Petition for Review.)  Respondent admits that the California Supreme Court

9    summarily denied the petition for review on April 11, 2007.  (Ex. 9 – Cal. Sup. Ct. Order.)

10    Respondent further admits that McClore thus exhausted his state court remedies in regard to the

11    claims alleged here stemming from his 2005 parole consideration hearing.  However, Respondent

12    denies that McClore exhausted his claims to the extent that they are more broadly interpreted to

13    encompass any systematic issues beyond this particular review of parole denial.

14    11.    Respondent denies that the state courts' denial of habeas corpus relief was

15    contrary to, or involved an unreasonable application of, clearly established United States

16    Supreme Court law, or that the denial was based on an unreasonable interpretation of facts in

17    light of the evidence presented.  McClore therefore fails to make a case for relief under the Anti-

18    Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

19    12.    Respondent preserves the argument that McClore is not entitled to federal habeas

20    relief under 28 U.S.C. § 2254 because there is no clearly established federal law, as determined

21    by the United States Supreme Court, holding that California life inmates have a federally

22    protected liberty interest in parole.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442

23    U.S. 1 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 374 (1987); *In re Dannenberg*, 34 Cal. 4th

24    1061, 1087 (2005) (California parole scheme is a two-step process that does not impose a

25    mandatory duty to grant parole to life inmates before a finding of parole suitability); *Sandin v.*

26    

27    3. Although Respondent requested the lower court documents numerous times, the appellate
court has not yet sent the petition.  However, it appears that McClore generally alleged the same
28    causes of action he claims here, based Petition for Review.

Answer to Order to Show Cause; Memorandum of Points and Authorities                    *McClore v. Perez*
                                                                                        C 07-3251 WHA (PR)

1   *Connor*, 515 U.S. 472, 484 (1995); *contra Sass v. California Bd. of Prison Terms*, 461 F.3d

2   1123, 1125 (9th Cir. 2006).

3        13.    Respondent affirmatively alleges that McClore had an opportunity to present his

4   case to the Board, and that the Board provided him with a detailed explanation for its parole

5   denial. Thus, McClore received all process due under *Greenholtz*, the only clearly established

6   federal law regarding inmates' due process rights at parole consideration hearings.

7        14.    Respondent affirmatively alleges that the Board considered all relevant and

8   reliable evidence before it, and that its decision is supported by some evidence.

9        15.    Respondent denies that the Board relied only on the unchanging circumstances of

10  McClore's commitment offense to deny parole at the September 2005 parole consideration

11  hearing.

12       16.    Respondent affirmatively alleges that the Board properly considered the gravity of

13  McClore's commitment offense as required under California Penal Code section 3041(b).

14       17.    Respondent denies that the Board was required to grant McClore parole under

15  California Penal Code section 3041 because the California Supreme Court has held that the

16  language of section 3041 regarding parole is not mandatory, there is no right to parole in

17  California, and the Board has extremely broad discretion and is not required to fix a parole date

18  until the inmate is found suitable for parole. *Dannenberg*, 34 Cal. 4th 1084-88, 1097-98. Under

19  *Dannenberg*, the Board properly found McClore unsuitable for parole without relying on the

20  matrices for kidnap for robbery because some evidence relating to the heinous nature of the crime

21  he committed resulted in his still being an unreasonable risk to public safety. In other words,

22  even were McClore presenting a federal claim, it is without merit because the Board need not

23  consider any relevant state law sentencing matrix until McClore is found suitable for parole. *Id.*

24       18.    Respondent admits that McClore's claim is timely under 28 U.S.C. §

25  2244(d)(1), and that the petition is not barred by non-retroactivity.

26       19.    If the Petition is granted, McClore's remedy is limited to a new parole

27  consideration hearing before the Board that comports with due process. *Benny v. U.S. Parole*

28  *Comm.*, 295 F.3d 977, 984-85 (9th Cir. 2002) (the Board must exercise its discretion in

Answer to Order to Show Cause; Memorandum of Points and Authorities          *McClore v. Perez*
                                                                             C 07-3251 WHA (PR)

1  determining whether or not an inmate is suitable for parole); *Rosenkrantz*, 29 Cal. 4th at 658

2  (proper remedy if Board decision lacks some evidence is a new hearing that comports with due

3  process).

4       20.    Respondent submits that an evidentiary hearing is not necessary because the

5  claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075,

6  1078 (9th Cir. 1999).

7       21.    Respondent affirmatively alleges that McClore fails to state or establish any

8  grounds for habeas corpus relief.

9       22.    Except as expressly admitted above, Respondent denies, generally and

10 specifically, each and every allegation in the petition, and specifically denies that McClore's

11 administrative, statutory or constitutional rights have been violated in any way.

12      Accordingly, Respondent respectfully requests that the Court deny the petition for writ of

13 habeas corpus, and dismiss these proceedings.

14                    **MEMORANDUM OF POINTS AND AUTHORITIES**

15                                   **ARGUMENT**

16                                      **I.**

17    **THE STATE COURTS' DENIAL OF McCLORE'S HABEAS**
      **PETITION WAS NEITHER CONTRARY TO OR AN**
18    **UNREASONABLE APPLICATION OF CLEARLY**
      **ESTABLISHED FEDERAL LAW, NOR BASED ON AN**
19    **UNREASONABLE DETERMINATION OF THE FACTS.**

20      Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state

21 court already adjudicated on the merits only if the state court's adjudication was either:  (1)

22 "contrary to, or involved an unreasonable application of, clearly established Federal law, as

23 determined by the Supreme Court of the United States;" or (2) "based on an unreasonable

24 determination of the facts in light of the evidence presented at the State Court proceeding."  28

25 U.S.C. § 2254(d)(1-2).

26      A state court decision is contrary to established federal law if "the state court applies a rule

27 that contradicts the governing law set forth in [United States Supreme Court] cases," or "the state

28 court confronts a set of facts that are materially indistinguishable from a decision of [the United

Answer to Order to Show Cause; Memorandum of Points and Authorities          *McClore v. Perez*
                                                                             C 07-3251 WHA (PR)

1  States Supreme] Court and nevertheless arrives at a result different from [the Court's]

2  precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citations and internal quotation marks

3  omitted). A state court decision is an unreasonable application of clearly established law "if the

4  state court identifies the correct governing legal principle from [the United States Supreme

5  Court's] decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

6  at 75. It is not enough that the state court applied the law erroneously or incorrectly; rather, the

7  court must have made an objectively unreasonable application. *Id.* at 75-76.

8          The state court decisions denying McClore's claim for habeas relief are neither contrary

9  to or an unreasonable application of federal law, nor were they based on an unreasonable

10  determination of the facts in light of the evidence presented. First, McClore received all process

11  required under *Greenholtz*, the only clearly established federal law specifically addressing the

12  due process rights of inmates in a parole suitability decision. Second, the state court decisions

13  did not involve an unreasonable interpretation of the evidence; rather, the state court properly

14  determined that some evidence supports the Board's decision. Thus, McClore fails to establish a

15  violation of AEDPA standards, and the state court decisions denying habeas relief must stand.

16          When, as here, the California Supreme Court denies a petition for review without

17  comment, the federal court will look to the last reasoned decision as the basis for the state court's

18  judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-804 (1991). In this case, the last reasoned

19  decision is the California Court of Appeal's January 11, 2007 order denying McClore's habeas

20  claim. (Ex. 7.) As this decision is neither contrary to or an unreasonable application of federal

21  law, nor based on an unreasonable determination of the facts in light of the evidence presented,

22  McClore fails to establish a violation of AEDPA standards. His petition for writ of habeas

23  corpus must be denied accordingly.

24  **A.    The State Court Decision Was Not Contrary to or an Unreasonable**
       **Application of Clearly Established Federal Law.**
25

26          The first standard under AEDPA is that a state court habeas corpus decision must not be

27  contrary to, or an unreasonable interpretation of, clearly established federal law. Here, McClore

28  received all process due under *Greenholtz*, the only clearly established federal law regarding the

Answer to Order to Show Cause; Memorandum of Points and Authorities                    *McClore v. Perez*
                                                                                      C 07-3251 WHA (PR)

1   due process rights of inmates at a parole consideration hearing. Furthermore, federal law does

2   not preclude the Board from relying on the commitment offense or other static factors to deny

3   parole. As such, the state court decision denying relief must stand.

### 1. McClore Received All Process Due Under the Only United States Supreme Court Law Addressing Due Process in the Parole Context.

6       In *Greenholtz*, the United States Supreme Court established the due process protections

7   required in a state parole system. The Court held that the only process due at a parole

8   consideration hearing is an opportunity for the inmate to present his case, and an explanation for

9   a parole denial. *Greenholtz*, 442 U.S. at 16. McClore's claim fails because he received both of

10  these protections at his 2005 hearing.

11      First, McClore does not contest that he had a chance to fully present his case before the

12  Board. The Board provided McClore with a thorough parole consideration and addressed the

13  commitment offense; McClore's social history, prior criminal history, post-incarceration

14  disciplinary history, parole plans, and educational and vocational activity while incarcerated; and

15  the psychological evaluation. (*Id.* at 8-31.) After providing McClore the opportunity to present

16  his case, the Board gave him a detailed explanation for its parole denial. (*Id.* at 35-44.)

17      In summary, at his September 2005 parole consideration hearing, McClore received both

18  an opportunity to present his case and an explanation as to why the Board denied him parole.

19  Because he received all process due under *Greenholtz*, the state courts properly upheld the

20  Board's decision, and the petition should be denied.

### 2. The Ninth Circuit's Some-Evidence Test Is Not Clearly Established Federal Law.

23      McClore alleges that the Board's holding must be overturned because it is not

24  supported by any evidence. This argument stems from the holding in *Superintendent v. Hill*, 472

25  U.S. 445, 455 (1985), in which the United States Supreme Court determined that some evidence

26  must support the decision of a prison disciplinary board to revoke good time credits. In *Jancsek

27  v. Oregon Board of Parole*, 833 F.2d 1289, 1290 (9th Cir. 1987), the Ninth Circuit held that this

28  standard applies not only in the disciplinary context, but the parole context as well, and that some

Answer to Order to Show Cause; Memorandum of Points and Authorities                    *McClore v. Perez*
                                                                                       C 07-3251 WHA (PR)

1   evidence must support the Board's denials of parole. Because the holding in *Jancsek* is not

2   clearly established federal law under AEDPA standards, Respondent maintains that the some-

3   evidence standard does not apply in federal habeas proceedings challenging parole denials.

4          As the Supreme Court recently made clear in *Carey v. Musladin*, ___U.S.___, 127 S. Ct.

5   649 (2006), where the Court has not applied a test or standard to a certain type of case it cannot

6   be said that the failure of a state court to do so was an unreasonable application of clearly

7   established federal law. In *Musladin*, the petitioner challenged a state court decision finding that

8   the fact that the victim's family wore buttons displaying the victim's image at the defendant trial

9   was not inherently prejudicial. *Id.* at 650. The Ninth Circuit held that the state court decision

10  was contrary to or an unreasonable application of federal law. *Id.* In reversing the Ninth Circuit,

11  the Supreme Court noted that although it had articulated a test to determine whether state

12  sponsored courtroom practices were inherently prejudicial, it had never addressed the issue of

13  whether conduct by a private party was so prejudicial that it deprived the defendant of his right to

14  a fair trial. *Id.* at 654. "Given the lack of holdings" on the specific issue, the Court reversed the

15  Ninth Circuit and held that the state court's decision was not an unreasonable application of

16  federal law. *Id.*

17         The Supreme Court has since reiterated its holding in *Musladin*, confirming that a state

18  court decision cannot be contrary to or an unreasonable application of federal law where the

19  Court has not addressed what protection or test is required in a specific factual or legal scenario.

20  In *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007), the Ninth Circuit found that the

21  state court unreasonably applied *Wiggins v. Smith*, 539 U.S. 510 (2003) and *Rompilla v. Beard*,

22  545 U.S. 374, 381 (2005) when it denied federal habeas relief to a defendant asserting ineffective

23  assistance of counsel, despite the fact that he had refused to allow the presentation of any

24  mitigating evidence. *Landrigan*, 127 S. Ct. at 1942. The Supreme Court reversed that part of the

25  decision after distinguishing the facts of the case from those in *Wiggins* and *Rompilla*. *Wiggins*

26  did not address a situation in which the client had interfered with counsel's efforts to present

27  mitigating evidence. *Id.* And in *Rompilla*, the defendant had not informed the court that he did

28  not want mitigating evidence presented. *Id.* Because the high court had never addressed a

Answer to Order to Show Cause; Memorandum of Points and Authorities                    *McClore v. Perez*
                                                                                       C 07-3251 WHA (PR)

1  situation like the one raised in *Landrigan*, the state court's decision was not objectively

2  unreasonable. *Id.*

3         Several recent Ninth Circuit decisions also emphasize that there can be no clearly

4  established federal law where the Supreme Court has never addressed a particular issue or

5  applied a certain test to a specific type of proceeding. *Foote v. Del Papa*, ___F.3d___, 2007 WL

6  1892862 (9th Cir. July 3, 2007) (affirming district court's denial of petition alleging ineffective

7  assistance of appellate counsel based on an alleged conflict of interest because no Supreme Court

8  case has held that such an irreconcilable conflict violates the Sixth Amendment); *Nguyen v.*

9  *Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007) (holding that state court's decision finding

10 *Wainwright v. Greenfield*, 474 U.S. 284 (1986) did not apply to a state court competency hearing

11 was not contrary to clearly established federal law because Supreme Court had not held that

12 *Wainwright* applied to competency hearings); *Crater v. Galaza*, 491 F.3d 1119, 1123, 1126, n.8

13 (2007) (citing *Musladin*, the Ninth Circuit acknowledged that decisions by courts other than the

14 Supreme Court are "non-dispositive" under § 2254(d)(1).)[4]

15        Because the Supreme Court developed the some-evidence standard in the context of a

16 prison disciplinary hearing, which is fundamentally different from a parole proceeding,

17 application of this standard to a parole decision cannot be clearly established federal law.

18 *Musladin*, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942.  The level of due process protections

19 to which an inmate is entitled is directly related to the level of his liberty interest and the nature

20 of the decision being made. *Greenholtz*, 442 U.S. at 13-14.  At a disciplinary hearing, the inquiry

21 is retrospective and factual in nature, and the prisoner faces a potential loss of credits.

22 *Greenholtz*, 442 U.S. at 14.  A decision to parole an inmate is fundamentally different.  First, the

23 level of liberty interest an inmate has in the possibility of parole is markedly different from that

24 of an inmate who is facing a loss of credits. *Wolff v. McDonnell*, 418 U.S. 539, 560-561 (1974)

25 (contrasting the different interests that a parolee and a prisoner may have in their deprivation of

26

27

28     4.  As required by local rule, a copy of *Foote v. Del Papa*, ___F.3d___, 2007 WL 1892862
    (July 3, 2007) is attached as Exhibit 10.

1  liberty); *Greenholtz*, 442 U.S. at 13-14 (distinguishing the parole suitability decision from the

2  parole revocation and disciplinary decisions). Second, a parole decision is not factual in nature.

3  Rather, it is a predictive and subjective decision requiring discretionary analysis of the inmate's

4  suitability for release. *Greenholtz*, 442 U.S. at 9-10; *Wilkinson*, 545 U.S. at 229. In fact, due to

5  the discretionary nature of parole decisions, the Supreme Court has held that, in contrast to prison

6  disciplinary hearings, due process does not require the decision-maker to specify the evidence

7  showing that a prisoner is unsuitable for parole. *Greenholtz*, 442 U.S. at 15.

8      Thus, application of the some-evidence standard to a parole proceeding is not clearly

9  established federal law. Instead, the *only* clearly established Supreme Court authority describing

10 the process due when there is a federal liberty interest in parole simply requires that the inmate be

11 given an opportunity to be heard and advised of the reasons he was not found suitable for parole.

12 *Greenholtz*, 442 U.S. at 16.

13     Here, McClore does not contend that he failed to receive the protections outlined in

14 *Greenholtz*. (*See generally* Pet.) Because McClore received all the process due under the only

15 United States Supreme Court law finding a federal liberty interest in discretionary parole release,

16 the state court decision was not contrary to or an unreasonable application of any United States

17 Supreme Court law. *See* 28 U.S.C. § 2254(d).

18     **3.    Even if the Some-Evidence Standard Applies, McClore's Petition Must Be
            Denied Because the State Court Reasonably Applied It.**

19

20     Under the some-evidence standard, a decision cannot be "without support" or "arbitrary."

21 *Hill*, 472 U.S. at 457. The some-evidence standard is "minimally stringent," and a decision must

22 be upheld if there is any reliable evidence in the record that could support the conclusion reached

23 by the fact finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-

24 456); *see also Sass*, 461 F.3d at 1129 (stating that "*Hill's* some evidence standard is minimal.")

25 Determining whether this standard is satisfied does not require examination of the entire record,

26 independent assessment of the credibility of witnesses, or the weighing of the evidence.

27 *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986). Indeed, in examining the record, a

28 court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence.

1    *Hill*, 472 U.S. at 455.  The question is whether there is *any* reliable evidence in the record that

2    could support the decision reached. *Toussaint*, 801 F.2d at 1105.

3         Here, the state court reasonably applied the some-evidence standard.  (Ex. 7.)  The state

4    court considered the facts and reasonably concluded that the some-evidence standard was met.

5    This court decision is entitled to deference under AEDPA and may not be reversed unless it is

6    contrary to, or involved an unreasonable application of, clearly established federal law. *Andrade*,

7    538 U.S. at 75; *Woodford*, 537 U.S. at 25.  McClore has not shown that the state court decision

8    was contrary to or involved an unreasonable application of clearly established federal law.

9    Instead, McClore disagrees with how the evidence was weighed and evaluated by the Board and

10    the state courts.  (*See* Pet.)  Neither McClore, nor this Court, however, may re-weigh the

11    evidence or assess the credibility of the evidence presented to the Board. *Hill*, 472 U.S. at 455.

12         The appellate court properly upheld the Board's decision and found that there was some

13    evidence to support the Board's denial of parole suitability.  (Ex. 7, citing *Dannenberg*, 34 Cal.

14    4th at 1070-1095; *Rosenkrantz*, 29 Cal. 4th at 676-677.)  The Board is required to make any

15    credibility determinations during parole hearings and it has done so. *Rosenkrantz*, 29 Cal. 4th at

16    677; (Ex. 5.)  Further, the Board's determinations have been upheld by the state courts, and to the

17    extent that the some-evidence test in *Superintendent v. Hill* is clearly established, the state courts

18    reasonably applied it McClore's parole denial is supported by some evidence.  Therefore,

19    McClore's Petition must be denied.

20            **a.**     **The Board May Rely on Unchanging Factors to Deny McClore Parole.**

21         McClore argues that due process precludes the Board from relying on the circumstances

22    of his commitment offense or other unchanging factors to deny parole. (Pet. at 3.[5]) This

23    argument fails for a number of reasons.  First, and foremost, the fact that the Board's decision

24    was based in part on the nature of the commitment offense was not an unreasonable application

25    of federal law because the Supreme Court has never held that continued reliance on an

26

27

---

28      5.  McClore makes this argument on page 3 of the superior court petition he attached as support for his arguments in this Petition.

1   unchanging factor to deny parole violates due process. *See Musladin*, 127 S. Ct. at 654;

2   *Landrigan*, 127 S. Ct. at 1942. Second, California state law commands that the crime be the

3   primary consideration in the Board's determination of parole suitability. Cal. Penal Code § 3041.

4   California Penal Code section 3041 requires that the Board examine the commitment offense, as

5   the Board "shall set a release date unless it determines that the gravity of the current convicted

6   offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is

7   such that consideration of the public safety requires a more lengthy period of incarceration."

8   Also, the California Supreme Court held in *In re Dannenberg* that the Board may rely solely on

9   the circumstances of the commitment offense. 34 Cal. 4th 1061, 1094 (2005).

10       While the Ninth Circuit has previously stated in dicta that at some point reliance on an

11  unchanging factor such as the commitment offense could possibly violate due process, the

12  Supreme Court has never addressed this issue. *Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir.

13  2003); *see also Sass*, 461 F.3d at 1129 (acknowledging *Biggs* but stating that "[u]nder AEDPA it

14  is not our function to speculate about how future parole hearings could proceed"); *but see Irons*

15  *v. Carey*, ___ F.3d ___, 2007 WL 2027359 (9th Cir. July 13, 2007) (characterizing *Biggs* as

16  holding that an inmate's commitment offense could at some point constitute a due process

17  violation). Accordingly, the Board's reliance in part on the commitment offense cannot violate

18  clearly established federal law.

19      **B.    The State Court Decision Upholding the Board's Parole Denial Was a
             Reasonable Interpretation of the Facts in Light of the Evidence Presented.**

20

21       The second standard under AEDPA is that a state court habeas decision must be based on

22  a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. §

23  2254(d)(2). AEDPA defers to state courts here, indicating that "a determination of a factual issue

24  made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Additionally,

25  McClore bears the burden of proving that the state court's factual determinations were

26  objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th

27  Cir. 2005). In his Petition McClore fails to prove that the state court's factual determinations

28  were objectively unreasonable.

1    Here, the state court properly denied McClore's petitions. The Board relied on the facts

2  of the crime set forth in the 1988 appellate decision in determining that the crime was egregious.

3  (Ex. 2.) The Board also relied on McClore's lack of insight into why he committed the kidnap

4  for robbery, or how his crime affected other people; and the anger and lack of control McClore

5  showed at the previous five parole consideration hearings. (*Id.* at 39-43.)

6    The findings of the state court are both supported by the record and a reasonable

7  interpretation of the evidence presented. McClore failed to prove that the state court's factual

8  determinations were unreasonable. As such, the state court's denial of habeas relief meets the

9  standards of AEDPA, and there is no basis for this Court to overturn the decision. The petition

10  for writ of habeas corpus should be denied.

11  **II.**

12  **McCLORE FAILS TO RAISE A CLAIM THAT IS
     COGNIZABLE IN FEDERAL HABEAS WITH RESPECT
13   TO HIS CLAIM THAT HE DOES NOT PRESENT A
     CURRENT DANGER TO SOCIETY.**

14

15    A district court may entertain a petition for writ of habeas corpus "in behalf of a person in

16  custody pursuant to the judgment of a State court only on the ground that he is in custody in

17  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

18  Here, McClore alleges that the Board violated his due process rights because it did not show that

19  he was a current threat to public safety. McClore's claim fails to implicate a federal liberty

20  interest; furthermore, he alleges violations of state law only. Accordingly, the petition should be

21  dismissed for lack of jurisdiction.

22    McClore alleges that the Board "violated the spirit of the [California] Penal Code" when

23  it failed to show that he "currently presents a risk of danger to the public." (Pet. at 3.) However,

24  McClore bases this allegation largely on California statutes, regulations, and case law. As it is

25  well established that federal habeas relief does not lie for errors of state law, this claim must be

26  dismissed. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). To the extent that McClore argues

27  federal law, he cites *Biggs* as dictating that the board must normally set a parole release date

28  using the California sentencing matrices, and that continued reliance on the commitment offense

1  violates due process. (Pet. at 3-5, citing *Biggs*, 334 F.3d at 917.)  However, as argued above, the

2  Supreme Court has never held that continued reliance on an unchanging factor to deny parole

3  violates due process (*see Musladin*, 127 S. Ct. at 654; *Landrigan*, 127 S. Ct. at 1942), circuit

4  court decisions are "non-dispositive" under § 2254(d)(1) (*see Crater*, 491 F.3d 1119, 1123, 1126,

5  n.8), and California state law commands that the crime be the primary consideration in the

6  Board's determination of parole suitability.  Cal. Penal Code § 3041.

**CONCLUSION**

8       Initially, this Petition should be denied because under AEDPA, to establish entitlement

9  to reversal of a state court parole denial, McClore must prove that the state court decisions

10  denying habeas relief are contrary to, or an unreasonable interpretation of, clearly established

11  federal law, or that the decisions involved unreasonable factual determinations.  McClore does

12  not offer such proof, nor does he contest that he had an opportunity to be heard and that he

13  received a written copy of the Board's decision.  That is all the due process to which he is

14  entitled.  Even if the Court applies the some-evidence standard, the state courts reasonably

15  concluded that the Board's findings were supported by some evidence.  For these reasons,

16  Respondent respectfully requests that this Court deny McClore's petition for writ of habeas

17  corpus.

18       Dated:  August 24, 2007

19                    Respectfully submitted,

20            EDMUND G. BROWN JR.
             Attorney General of the State of California

21            DANE R. GILLETTE
             Chief Assistant Attorney General

22            JULIE L. GARLAND
23            Senior Assistant Attorney General

             ANYA M. BINSACCA
24            Supervising Deputy Attorney General

25

26            PATRICIA WEBBER HEIM
             Deputy Attorney General
27            Attorneys for Respondent

28  20100793.wpd  SF2007200532

Answer to Order to Show Cause; Memorandum of Points and Authorities                    *McClore v. Perez*
                                                                                       C 07-3251 WHA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Wilbur L. McClore v. Perez, et al*

No.:    **U. S. D. C., N. D., S. F. DIV., C 07-3251 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 27, 2007</u>, I served the attached

### ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS 1 - 10

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Wilbur Lynn McClore, C-50493**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 27, 2007**, at San Francisco, California.

<table>
<tr><td>J. Baker</td><td>Signature</td></tr>
<tr><td>Declarant</td><td></td></tr>
</table>

20102101.wpd

Case Name:    *W. LYNN MCCLORE v. MARGARITA PEREZ, Director B. CURRY, Warden*
Case No.:    **U. S. D. C., N. D., San Francisco Div., C 07-3251 WHA (PR)**

### INDEX OF EXHIBITS

| Exh. | Description |
|------|-------------|
| 1. | Amended Judgment |
| 2. | Order, Court of Appeal, Second Appellate District, Division Three |
| 3. | Probation Officer's Report |
| 4. | Life Prisoner Evaluation Report Subsequent Parole Consideration Hearing October 2004 Calendar |
| 5. | Subsequent Parole Consideration Hearing, September 12, 2005 |
| 6. | Order Re: Writ of Habeas Corpus, Los Angeles County Superior Court, October 23, 2006 |
| 7. | Order: Court of Appeal, Second Appellate District, Division Three, January 11, 2007 |
| 8. | Petition for Review, Supreme Court of California |
| 9. | Petition for Review Denied, Supreme Court of California, April 11, 2007 |
| 10. | *Ricky L. Foot v. Frankie Sue Del Papa*, No. 06-15094 |