# EXHIBIT 2

C50493
FOL

NOT TO BE PUBLISHED

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILBUR LYNN MCCLURE,<br><br>    Defendant and Appellant. | No. B027204<br><br>(Super.Ct.No. A811397)<br><br>COURT OF APPEAL-SECOND DIST.<br><br>FILED<br><br>FEB 10 1988<br><br>ROBERT N. WILSON, Clerk<br><br>Deputy Clerk |

    Wilbur Lynn McClure appeals from the judgment entered following a jury trial in which he was convicted of kidnapping for the purpose of robbery, robbery and grand theft of an automobile. (Pen. Code, §§ 209, subd. (b); 211; 487, subd. (3).) He contends: "As a defendant can be convicted of but one robbery as a result of the forcible taking of several items during one incident, and, as grand theft auto is a lesser included offense of robbery, appellant's conviction of grand theft auto must be reversed."

    Viewing the evidence in accordance with the usual

2

rules on appeal (People v. Barnes (1986) 42 Cal.3d 284, 303), it was established that at approximately 11:00 a.m. on November 25, 1985, as Kristi Boucher was about to get out of her car in the parking lot of a Wendy's restaurant, a man came up to her opened car door and demanded her purse and money. When she responded she did not have her purse, the man struck her across the face and forced her by the neck into the passenger seat. Boucher gave the man her keys and told him her purse was in the trunk. While the man opened the trunk Boucher saw appellant outside the passenger door to her car.

Appellant entered the passenger side and the other man entered the car on the driver's side and pushed Boucher into the back seat. When Boucher told the men, "Take my car, take everything, just let me out", one of the men responded "Sit back. We are going for a ride." As they drove, appellant went through Boucher's purse taking money from her wallet. Appellant demanded that Boucher write out a check for $200 and give it to him. Appellant ripped a necklace from Boucher's neck, took the rings from her fingers and her watch. Thereafter Boucher and her kidnappers went to two stores where the men forced her to buy shoes and clothing for them. Hours later, the men released Boucher on the side of a freeway.

3

Appellant's contention that he cannot be convicted of both robbery and grand theft is well taken. On this record, the taking of the purse, jewelry, money and car constituted a single robbery. Conviction and punishment for both robbery and theft of the automobile is prohibited. (People v. Bauer (1969) 1 Cal.3d 368, 375; see People v. Cole (1982) 31 Cal.3d 568, 582; People v. Sutton (1973) 35 Cal.App.3d 264, 270.)

The conviction for grand theft of an automobile (count 16) is reversed and the concurrent stayed two year term for that conviction is vacated, and, in all other respects the judgment is affirmed.

NOT TO BE PUBLISHED.

                                          ARABIAN, J.

We concur:

    KLEIN, P. J.

    DANIELSON, J.