# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO. 1

| DEFENDANT'S NAME(S) | COURT | JUDGE | COURT CASE NO. |
|---|---|---|---|
| WILBUR LYNN MC CLURE<br>T/N: WILBUR MC CLORE | NW-S | SCHEMPP | A-811397 |

| ADDRESS (PRESENT / RELEASE) | HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|---|
| 11655 PRAGER<br>LAKEVIEW TERRACE | 3-10-87 | ADELSON | ROSENBLATT |

| BIRTHDATE | AGE | SEX | RACE | DPO | AREA OFFICE | PHONE NO. |
|---|---|---|---|---|---|---|
| 7-3-56 | 30 | MALE | BLACK | PIERCE | ESFV | 901-4054 |

| CITIZENSHIP STATUS | DRIVER'S LICENSE / EXP. DATE |
|---|---|
| NATIVE | N747834 |

| PROBATION NO. | CII NO. | BOOKING NO. |
|---|---|---|
| X-016527 | A06497311 | 8341454 |

TYPE REPORT
- [X] Probation and sentence
- [ ] Pre-Conviction (131.3 CCP)
- [ ] Post sentence
- [ ] Diversion (Specify) _____

| DAYS IN JAIL THIS CASE | CUSTODY STATUS / RELEASE DATE |
|---|---|
| [ ] ESTIMATED  [X] VERIFIED  464 | JAIL |

## PRESENT OFFENSE: LEGAL HISTORY

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
209 (B) PC (KIDNAP FOR ROBBERY) COUNT 14
211 PC (ROBBERY) COUNT 15
487.3 PC (GRAND THEFT AUTO) COUNT III 16
PRIOR ALLEGED

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
COUNTS I, II AND III
14, 15, and 16

| CONVICTED BY | DATE OF CONVICTION/REFERRAL | COUNT(S) CONTINUED TO P & S FOR DISPOSITION |
|---|---|---|
| JURY | 2-3-87 | NONE |

| PROPOSED PLEA AGREEMENT | SOURCES OF INFORMATION |
|---|---|
|  |  |

| DATE(S) OF OFFENSE | TIME(S) |
|---|---|
| 11-25-85 | 1:15 P.M. |

DEFENDANT: (SEE PRIOR RECORD SECTION)
- [ ] N/A
- [X] ON PROBATION
- [X] ON PAROLE-REMAINING TIME _____
- [ ] SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE _____
- [X] PENDING PROBATION VIOLATION
- [ ] PENDING NEW CASE

HOLDS/WARRANTS: [X] YES  [ ] NO

## RECOMMENDATION:
- [ ] PROBATION
- [X] DENIAL
  - [ ] COUNTY JAIL
  - [X] STATE PRISON
- [ ] DIAGNOSTIC STUDY
  - [ ] 707.2 WIC
  - [ ] 1203.03 PC
- [ ] CYA
- [ ] OTHER _____

76P725B—Prob. 19SC (Rev. 6/85) PS 8-85

## ADULT COMMITMENT TRANSMITTAL

ROUTING
1. Retain Green copy for Probation Case File.
2. Send 1st & 2nd copies, with carbon intact and necessary reports attached, to:

STATE COMMITMENT EXPEDITER
320 W. Temple St., Suite 180
Los Angeles, Ca. 90012

The Los Angeles County Probation Department State Commitment Expediter transmits this form and attached reports to:
- ☐ California Youth Authority
- ☐ Department of Corrections
- ☐ Department of Mental Hygiene

EXPEDITER STAMP

| SEX: M ☒ F ☐ | DEFENDANT'S NAME — LAST, FIRST, MIDDLE INITIAL: MC CLORE, WILBUR LYNN | EXPEDITER USE ONLY |
|---|---|---|
| PROBATION NO. X-016527 | INVESTIGATION AREA OFFICE ESFV  DPO NO. 121 | SUPERVISION AREA OFFICE ___ DPO NO. ___ | CDC NO. ___ DELIVERY DATE ___ |

| DATE OF COURT ORDER | COMMITTING COURT | DISTRICT | DEPT./DIV. | COURT NUMBER(S) |
|---|---|---|---|---|
| month 3 / day 31 / year 87 | SUPERIOR | LA | NWS | A-807032 REV. <br> A-811397 DEN. |

| SHERIFF'S BOOKING NUMBER / JUV. HALL |
|---|
| 8341454    7522483 |

PAROLE STATUS
- ☐ NOT ON PAROLE
- ☐ ACTIVE CASE
- ☐ CYA
- ☐ Dept. of Corrections
- ☐ C.R.C.

STATE NO. ___
TERMINATION DATE ___

ORDERED COMMITTED TO:
- ☐ PRISON (1203.03 P.C.)
- ☐ HOSPITAL (MDSO or other DMH)
- ☐ CYA
- ☐ CYA DIAGNOSTIC STUDY (707.2 W.I.C.)
- ☒ STATE PRISON
- ☐ PRISON (1170 P.C.)
- ☐ PRISON (1731.5(c))

| | REPORTS ATTACHED | CYA DIAG. | CYA | STATE PRISON | DMH |
|---|---|---|---|---|---|
| | | Required Copies of Each | | | |
| X | 1. P&S INVESTIGATION REPORTS (ALL)  3-10-87, 2-25-86, 8-3-84. | 3 | 3 | 1 | 1 |
| | 2. VIOLATION/MODIFICATION/SUPPLEMENTAL REPORTS | N/A | 3 | 1 | 1 |
| | 3. AVAILABLE PSYCHIATRIC OR PSYCHOLOGICAL REPORTS | 2 | 2 | | |
| | 4. AVAILABLE MEDICAL REPORTS | 2 | 2 | | |
| | 5. AVAILABLE DEPARTMENT OF MENTAL HYGIENE REPORTS | 2 | 2 | | |
| | 6. YOUTH AUTHORITY FORM NO. Y.A. 1.411 | 1 | 1 | | |
| | 7. ARREST REPORT ON OFFENSES(S) REFERRED | 2 | | | |
| | 8. CALIFORNIA EDUCATIONAL CUMULATIVE RECORD/SCHOOL REPORT | 1 | | | |

| REVIEWED FOR COMPLETENESS AND MAILED BY |
|---|
| INITIALS: mf   DATE: 4-6-87 |

76A295S—Prob. 898 (Rev. 5/84)

| PRESENT OFFENSE: (CONTINUED) | SOURCES OF INFORMATION (this page) D.A. FILE | | | | |
|---|---|---|---|---|---|
| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
| 12-2-85 | 7:00 A.M. | SAME | 211 PC | 8424 SEPULVEDA BLVD. | LAPD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| MICHAEL MURPHY | A-811397 | 11-6-86, STATE PRISON, LIFE WITH POSSIBILITY OF PAROLE, PLUS 12 YEARS, EIGHT MONTHS. |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

ACCORDING TO THE POLICE REPORT, ON NOVEMBER 26, 1985, AT ABOUT 1:15 P.M., THE VICTIM STARTED TO GET OUT OF HER CAR IN WENDY'S PARKING LOT, WHEN CODEFENDANT MURPHY RAN UP AND PUSHED HER BACK INSIDE. HE FORCED HER OVER TO THE PASSENGER'S SIDE, ENTERED, AND GRABBED HER BY THE THROAT, FORCING HER TO THE FLOORBOARD. HE STRUCK HER IN THE FACE AND DEMANDED HER MONEY. SHE SAID HER PURSE WAS IN THE TRUNK AND WHEN HE WENT TO GET IT, HE TOLD HER NOT TO TRY TO GET AWAY AS, "I HAVE A GUN AND I'LL USE IT." WHILE THE CODEFENDANT WAS GETTING PROPERTY OUT OF THE TRUNK, SHE NOTICED DEFENDANT APPROACH ON THE DRIVER'S SIDE AND WATCH HER. WHEN THE CODEFENDANT CAME BACK WITH THE PURSE, HE GOT INTO THE DRIVER'S SEAT. THE DEFENDANT THEN WENT AROUND TO THE PASSENGER'S SIDE, OPENED THE DOOR AND GRABBED VICTIM BY THE ARM, FORCING HER TO GET INTO THE BACK SEAT. HE THEN GOT INTO THE FRONT PASSENGER'S SEAT. HE TURNED TOWARD THE VICTIM AND SAID, "IF YOU MAKE A STUPID MOVE, WE'RE GOING TO KILL YOU, WE HAVE A GUN." THEY THEN DROVE TO A SHOPPING AREA IN SAN FERNANDO. THE CODEFENDANT HAD THE VICTIM EXIT THE CAR AND PUT HIS ARM AROUND HER

-2- (MC CLURE)

76P725B—Prob. 19SC (Rev. 6/85)

1  NECK. HE TOLD HER TO ACT AS IF HE WERE HER BOYFRIEND. THE THREE
2  WENT INTO A SPORTING GOODS STORE WHERE THE CODEFENDANT PICKED OUT
3  THREE SWEATSUITS AND HAD THE VICTIM PAY FOR THEM. THEY THEN DROVE
4  TO A SHOESTORE WHERE DEFENDANT TOOK TWO BOXES OF TENNIS SHOES FROM
5  THE SHELF AND THE VICTIM PAID FOR THEM. AS THEY WERE DRIVING ON
6  THE SIMI FREEWAY, THEY PULLED OFF THE ROAD AND TOOK JEWELRY FROM
7  THE VICTIM. THEY THEN FORCED HER OUT OF THE CAR AND DROVE OFF. THE
8  VICTIM FLED DOWN AN EMBANKMENT AND PHONED THE POLICE.

-3- (MC CLURE)

76C692G — PROB. 5A — PS 11-85

| VICTIM: | SOURCES OF INFORMATION (this page) |
|---|---|
| | D.A. FILE, VICTIM |

| NAME | COUNT(S) |
|---|---|
| KRISTI BOUCHER | COUNTS ONE THROUGH THREE |

**INJURY: PROPERTY LOSS (TYPE / COST / ETC.)**
DAMAGE TO VEHICLE, NO PHYSICAL INJURIES

**INSURANCE COVERAGE**
CAR PAID FOR BY INSURANCE, LOSS

| LOSS: [X] YES [ ] NO | ESTIMATED LOSS | RESTITUTION ALREADY MADE | APPLIED FOR VICTIM RESTITUTION FUND [ ] UNK  [ ] YES  [X] NO |
|---|---|---|---|

**VICTIM STATEMENT:** MISS BOUCHER STATES THAT SHE HAS SUFFERED A GREAT DEAL OF MENTAL DISTRESS AS THE RESULT OF THE OFFENSE, BUT SHE DID NOT SEEK COUNSELING. SHE STATES THAT THE CODEFENDANT WAS THE ONE WHO WAS THE MOST VICIOUS TOWARD HER AND THE ONE MAKING MOST OF THE THREATS. SHE DOES NOT IN ANY WAY EXCUSE DEFENDANT'S BEHAVIOR, BUT STATES THAT HE DID NOT APPEAR TO BE THE ORIGINAL INSTIGATOR. SHE HAS NO PARTICULAR COMMENTS AS TO SENTENCING, BUT HOPES THAT THEY ARE BOTH IN FOR A LONG TIME, AS SHE IS FEARFUL FOR HER SAFETY WHEN THEY ARE RELEASED.

| RESTITUTION | TOTAL NUMBER OF VICTIMS | ESTIMATED LOSS TO ALL VICTIMS | VICTIM(S) NOTIFIED OF P&S HEARING [X] YES  [ ] NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: [ ] YES  [ ] NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

-4- (MC CLURE)                                   _____ VICTIM LIST CONTINUES NEXT PAGE

76P725B—Prob. 19SC (Rev. 6/85)

| | |
|---|---|
| PRIOR RECORD: | SOURCES OF INFORMATION (this page)<br>CII, LAPD, LASO AND PROBATION FILES |

AKA'S:

1-12-82    LAPD - 484 PC (PETTY THEFT) AND 484 (G) PC (THEFT BY CREDIT CARD), 484 (E) PC (THEFT OF CREDIT CARD); CASE NO. 686459, WARRANT ISSUED.

(DEFENDANT SAID THAT HE WAS A PASSENGER IN A CAR IN WHICH THE DRIVER PAID FOR GAS WITH A STOLEN CREDIT CARD. DEFENDANT SAID HE DID FIVE DAYS IN JAIL AND WAS ORDERED TO PAY A RESTITUTION.)

3-7-82    MODESTO SHERIFF'S - 459 PC (BURGLARY); NO. 182996, STANISLAUS SUPERIOR COURT, CONVICTED 459 SECOND DEGREE; TWO YEARS STATE PRISON; PAROLED 7-11-83, REVOKED 4-24-84, ONE YEAR ON VIOLATION; EXPIRATION DATE 7-11-87.

(DEFENDANT BURGLARIZED THE HOME OF HIS GIRLFRIEND'S AUNT, TAKING A SAFE WHICH CONTAINED JEWELRY, CASH AND PERSONAL PAPERS.)

3-22-84    LAPD - 266 (H) PC (PIMPING) AND 245 (A) PC (ADW); CASE NO. A-807032, PG245A PC; 8-3-84, THREE YEARS FORMAL PROBATION, 270 DAYS JAIL, VIOLATION SET FOR 3-10-87, DEPT. NW-S.

(VICTIM STATED DEFENDANT FORCED HER INTO PROSTITUTING FOR HIM UNDER THREAT OF PHYSICAL HARM AND ONE OCCASION HIT HER WITH A TELEPHONE.)

-5- (MC CLURE)

76P725B—Prob. 19SC (Rev. 6/85)

1  PERSONAL HISTORY:                    SOURCES OF INFORMATION (this page)
2                                       DEFENDANT

3  SUBSTANCE ABUSE:

4  __X__ No record, indication, or admission of alcohol or controlled substance abuse.

5  _____ Occasional social or experimental use of _____ acknowledged.

6  _____ See below: Indication / admission of significant substance abuse problem.

7        Referred to Narcotic Evaluator  ☐ Yes  ☐ No              _____ Narcotic Evaluator's report attached

9  Additional information

21 PHYSICAL / MENTAL / EMOTIONAL HEALTH:

22 __X__ No indication or claim of significant physical/mental/emotional health problem.

23 _____ See below: Indication / claim of significant physical/mental/emotional health problem.

25 Additional information

29 -6- (MC CLURE)

76P725B—Prob. 19SC (Rev. 6/85)

| PERSONAL HISTORY: (CONTINUED) | SOURCES OF INFORMATION (this page) DEFENDANT |
|---|---|

| RESIDENCE | TYPE RESIDENCE | LENGTH OF OCCUPANCY | MORTGAGE/RENT | RESIDES WITH/RELATIONSHIP |
|---|---|---|---|---|
| RESIDENTIAL STABILITY LAST FIVE YEARS FAIR | | CAME TO STATE / FROM 1976 - MEMPHIS, TN | | CAME TO COUNTY / FROM SAME |

Additional information

DEFENDANT WAS LAST LIVING WITH HIS AUNT, JESSIE KIMBALL, AT THE FACE SHEET ADDRESS AND WOULD AGAIN RESIDE THERE.

| MARRIAGE / PARENTHOOD | MARITAL STATUS DIVORCE | NAME OF SPOUSE XXXXXXXXXXXXXXX ETTA NEALY |
|---|---|---|
| LENGTH OF UNION 1976 TO 1980 | NO. OF CHILDREN THIS UNION ONE (AGE EIGHT) | SUPPORTED BY MOTHER |
| NO. PRIOR XXXXXXXX / COHABITATIONS ONE (1982 TO 1984) | NO. OF CHILDREN THESE UNIONS ONE (AGE TWO) | SUPPORTED BY WELFARE |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |

Additional information

FORMAL EDUCATION:
 11TH GRADE.

-7- (MC CLURE)
76P725B—Prob. 19SC (Rev. 6/85)

| PERSONAL HISTORY: (CONTINUED) | SOURCES OF INFORMATION (this page) DEFENDANT | | |
|---|---|---|---|

| EMPLOYMENT STATUS | ☐ EMPLOYED<br>☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH<br>☐ YES  ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE<br>☐ N/A  ☐ YES  ☐ NO |
|---|---|---|---|
| PRESENT/LAST EMPLOYER / ADDRESS / PHONE<br>SEE BELOW | | OCCUPATION | PERIOD OF EMPLOYMENT | GROSS MONTHLY WAGE |
| | | EMPLOYMENT STABILITY LAST 5 YEARS | TYPES OF PREVIOUS EMPLOYMENT<br>SHIPPING AND RECEIVING, PAINTER |
| ☐ VERIFIED   ☐ UNVERIFIED | | | |

Additional information

DEFENDANT WAS NOT EMPLOYED DURING THE TIME PRIOR TO HIS ARREST.

| FINANCIAL STATUS | INCOME STABILITY<br>POOR | NET MONTHLY INCOME<br>NONE AT PRESENT | |
|---|---|---|---|
| PRIMARY INCOME SOURCE | SECONDARY INCOME SOURCE(S) | EST. TOTAL ASSETS<br>NONE | EST. TOTAL LIABILITIES<br>NONE |

MAJOR ASSETS / ESTIMATED VALUE

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)

Additional information

GANG ACTIVITY  ☐ YES  ☒ NO         Name of Gang _____

-8- (MC CLURE)
76P725B—Prob. 19SC (Rev. 6/85)

DEFENDANT'S STATEMENT:

DEFENDANT DENIES KIDNAPPING THE VICTIM. HE STATES HE WAS COMING OUT OF WENDY'S RESTAURANT AND WAS BY HIMSELF. HE SAW THE CODEFENDANT MURPHY WHO WAS AN ACQUAINTANCE OF HIS SITTING IN A CAR. HE WENT OVER TO TALK TO HIM AND MURPHY INTRODUCED THE VICTIM AS HIS GIRLFRIEND, AS SHE SMILED AT DEFENDANT AND SAID HELLO. HE GOT IN THE CAR WITH THEM AND THEY DROVE TO A MALL. HE STATES DURING THIS TIME, THE VICTIM WAS ACTING IN A NATURAL MANNER AND HE DID NOT HEAR ANY THREATS MADE. HE STATES THEY ALL WENT INTO THE STORE, AND THAT THE VICTIM WAS BUYING THINGS FOR THE CODEFENDANT AND HE DID NOT FEEL THAT THERE WAS ANY DURESS. AS THEY WERE DRIVING HOME, VICTIM AND CODEFENDANT GOT INTO AN ARGUMENT ABOUT USE OF THE CAR AND THE VICTIM SAID THAT HER HUSBAND WANTED TO USE THE CAR LATER ON. THE CODEFENDANT TOLD HER TO GET OUT OF THE CAR, CALL HER HUSBAND AND HAVE HIM PICK HER UP. AFTER SHE GOT OUT OF THE CAR, THE CODEFENDANT DROPPED DEFENDANT OFF AT HIS HOUSE AND HE DID NOT SEE THE CODEFENDANT OR THE CAR AGAIN. HE STATES THE CODEFENDANT WAS SUPPOSED TO TESTIFY FOR HIM IN COURT TO THE EFFECT THAT DEFENDANT DID NOT KNOW WHAT WAS GOING ON, BUT FOR SOME REASON HE WAS NOT BROUGHT INTO COURT. HE STATES HIS FIRST PUBLIC DEFENDER OBTAINED A STATEMENT FROM THE CODEFENDANT. DEFENDANT DOES NOT WANT TO DO A LIFE SENTENCE FOR SOMETHING HE DID NOT DO. HE STATES HE PLANS TO APPEAL HIS CASE AND WOULD LIKE TO BE PROVIDED WITH THE POLICE REPORT AND TRANSCRIPTS.

-9- (MC CLURE)

| | |
|---|---|
| 1 | INTERESTED PARTIES: |
| 2 |     DEFENDANT'S RECORDS AT THE NORTH HOLLYWOOD OFFICE |
| 3 | SHOW THAT HE HAS ALREADY COMPLETED HIS ONE YEAR OF VIOLATION TIME |
| 4 | AND HIS PAROLE IS DUE TO EXPIRE JULY 11, 1987.  THE VIOLATION |
| 5 | REPORT INDICATED THAT THERE WAS NO EVIDENCE OF DEFENDANT BEING |
| 6 | EMPLOYED WHILE ON PAROLE AND HE HAD ABSCONDED HIS PAROLE PRIOR TO |
| 7 | THE ARREST. |
| 8 | CONDUCT UNDER SUPERVISION: |
| 9 |     THE SUPERVISION OFFICER HAD PREVIOUSLY SUBMITTED A |
| 10 | FULL VIOLATION REPORT IN CASE NUMBER A-807032.  WHILE ON PROBATION, |
| 11 | DEFENDANT WAS NOT EMPLOYED EXCEPT FOR A FEW WEEKS IN JULY OF 1985. |
| 12 | HE MOVED WITHOUT REPORTING HIS ADDRESS AND FAILED TO REPORT IN |
| 13 | NOVEMBER, 1985. |
| 14 | EVALUATION: |
| 15 |     DEFENDANT WAS ON BOTH PAROLE AND PROBATION SUPERVISION |
| 16 | AT THE TIME OF THE OFFENSE, AND THEREFORE IS NOT CONSIDERED SUITABLE |
| 17 | FOR PROBATION.  PURSUANT TO PENAL CODE 1203.08 AND 1203.085, DEFENDANT |
| 18 | DOES NOT APPEAR TO BE ELIGIBLE FOR PROBATION. |
| 19 |     SENTENCING CONSIDERATIONS: |
| 20 | CIRCUMSTANCES IN AGGRAVATION: |
| 21 |     1.  THE CRIME INVOLVED THREAT OF GREAT BODILY HARM. |
| 22 |     2.  DEFENDANT HAS PRIOR CONVICTIONS. |
| 23 |     3.  DEFENDANT HAS SERVED PRIOR PRISON TERMS. |

-10- (MC CLURE)

76C692G — PROB. 5A — PS 11-85

```
 1         4.  DEFENDANT WAS ON PAROLE WHEN HE COMMITTED THE
               CRIME.
 2
           5.  DEFENDANT'S PERFORMANCE ON PAROLE WAS UNSATISFACTORY.
 3
       CIRCUMSTANCES IN MITIGATION:
 4
           1.  DEFENDANT APPEARS TO HAVE PLAYED A LESSER ROLE THAN
 5             THAT OF THE CODEFENDANT.

 6  RECOMMENDATION:

 7             IT IS RECOMMENDED THAT PROBATION BE DENIED AND DEFENDANT

 8  SENTENCED TO STATE PRISON.

 9  RESPECTFULLY SUBMITTED,

10  BARRY J. NIDORF,
    PROBATION OFFICER
11

12
    BY
13  _____
    LEA A. PIERCE, DEPUTY
    EAST SAN FERNANDO VALLEY AREA OFFICE
14  901-4054

15

16  READ AND APPROVED                    I HAVE READ AND CONSIDERED
                                         THE FOREGOING REPORT OF
17                                       THE PROBATION OFFICER

18  BY _____
       ART KEENER, SDPO
19
                                         _____
20                                       JUDGE OF THE SUPERIOR COURT

    (SUBMITTED 2-25-87)
21  (TYPED 3-5-87)
    LAP:DL      (6)
22

23

    -11- (MC CLURE)
```

76C692G — PROB. 5A — PS 11-85