# EXHIBIT 4

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
OCTOBER 2004 CALENDAR

MCCLORE, WILBUR                                                                      C50493

I.  **COMMITMENT FACTORS:**

    A.    **Life Crime:** Kidnap per PC 209(b) with a year enhancement per PC 667.5(b) plus a non-controlling case of Assault with a Deadly Weapon per PC 245(a)(1) from Los Angeles County Case #A811397 and (non-controlling) #A807032. Received by CDC on 4/6/87 with a sentence of Life plus one year and an MEPD of 4/4/93. Victim; Kristi Boucher, age unknown.

        1.    **Summary of Crime:** On 11/26/85, at approximately 1:15 P.M. while exiting her vehicle at the Wendy's Drive-In Restaurant at 8424 Sepulveda Boulevard in Los Angeles, California, victim Kristi Boucher was physically forced back into her vehicle by co-defendant Michael Murphy. Murphy then struck the victim in the face, demanding money. Victim Boucher advised Murphy that her purse was in the trunk. Murphy warned the victim not to try to get away as "I have a gun and I'll use it." As Murphy was removing the purse from the car trunk, the victim noticed McClore standing at the passenger door watching her. Both suspects then entered the vehicle and forced the victim into the backseat. According to the transcripts, the victim reported that McClore told her "we aren't going to hurt you."

They drove to a shopping mall in San Fernando, where they forced the victim to purchase clothing and shoes for them. They re-entered the car and drove along the freeway, then pulled over. After stealing the victim's jewelry, they pushed the victim out of the vehicle at the side of the road. McClore and Murphy then drove away. Source: POR Pages 2,3; Appellate Decision, February 10, 1988.

        2.    **Prisoner's Version:** Mc Clore stated that the above offense summary accurately reflects the recollections of the offense. He further stated that, though he did not immediately know what the problem was, he knew that "Things were not right between the two (Murphy and the victim)." McClore stated that he became aware of what was actually transpiring at the onset of the offense. He stated that he would like the Board to note

COPY TO INMATE ON 9/2/04

MCCLORE, WILBUR            C50493              CTF-SOLEDAD              OCT/2004

that while he participated in the crime, he showed compassion towards the victim. He expressed remorse for what happened.

3. **Aggravating/Mitigating Circumstances:**

   a. **Aggravating Factors:**

   1. Prisoner had opportunity to cease but continued with crime.
   2. Prisoner was on probation at the time the crime was committed.

   b. **Mitigating Factors:** None.

B. **Multiple Crime(s):** Non-controlling case of ADW, PC 245(a)(1). Victim; Bonnie Bray, age unknown.

   1. **Summary of Crime:** Between March 8, 1984 and March 17, 1984 the defendant forced the victim into prostituting for him. He also assaulted her on one occasion with a telephone. (P.O.R. 7/30/84, Page 2).

   2. **Prisoner's Version:** McClore stated that he had assisted the victim financially. He stated, "there was no way in the world I would deal with this woman, she weighed about 300 pounds and was much taller than me. I do admit smacking her on the thigh with the telephone because while I was on the phone she kept kissing on me."

II. **PRECONVICTION FACTORS:**

A. **Juvenile Record:** None.

B. **Adult Convictions:**

   1. Arrested 3/16/79 by LAPD for PC 211 Robbery. 3/21/79 released, detention only.

   2. Arrested 1/12/82 by LAPD for Theft, RSP and Burglary. Committed to state prison for 2 years for Burglary 2nd.

   3. Arrested 3/22/84 for non-controlling offense (ADW).

C. **Personal Factors:** McClore was born in Memphis, Tennessee, the fifth of six children born to Thelma and William McClore. He completed eleventh grade at

the age of 18. McClore came to California in 1976, married Etta Nealy that same year and had one child. They divorced in 1980. McClore began a common-law relationship with Mona Johnwell from 1982 to 1984. They had one child, a son, named Demetriss.

McClore's employment history consists of construction, spray painter, assembly line worker, and working in a family grocery store. He claims skills as a janitor, stock clerk and pipefitter. He was unemployed at the time of the offense.

### III. POSTCONVICTION FACTORS:

A. **Special Programming/Accommodations:** Permanent mobility impairment not impacting placement noted. Accommodations: None.

B. **Custody History:** Since his last board hearing, McClore has remained at the Correctional Training Facility under Medium A Custody with 19 placement points. He has continued his full time assignment working as the visiting room photographer. No Work Supervisor's Reports could be located for this period; however a prior laudatory chrono (6/30/03) from J. Adam, Visiting Room Sergeant, notes subject's helpful, positive influence in discharging his duties in the visiting room.

C. **Therapy and Self-Help Activities:** None noted.

D. **Disciplinary History:** See attached disciplinary history sheet.

E. **Other:** McClore was seen by the Board of Prison Terms on 10/23/03 and was denied parole for one year. In addition the Board recommended that Subject remain disciplinary free and participate in any self-help therapy that may be offered by CDC. McClore has been disciplinary free, and though not participating in self help therapy groups, it was noted that he requested participation in CTF's Anger Management Class, but due to staffing constraints, participation is limited to the CCCMS population. (9/30/03)

### IV. FUTURE PLANS:

A. **Residence:** Inmate McClore intends to live with his friend of many years, (Ms) Kerline Louissaint at 915 W. Manchester Boulevard, Inglewood, California, 90301 with telephone number 310-649-3831 otherwise, he can also stay with another family friend, Bernard and Pat Hill. They recently moved and an updated offer will be prepared for the Board Hearing. Also, Tamila Copeland, a cousin is offering Inmate McClore a place to stay in her residence at 2345 Crocker Court,

Antioch, California, 94531 with telephone number 925-754-6795. Willie McClore, Jr., is also offering his brother a place to stay at 3950 Gouvernear, Bartlett, Tennessee, should he be allowed an out-of-state parole.

B. **Employment:** Inmate McClore plans to acquire employment in the Graphic Arts and Print Shop industry otherwise he will utilize the assistance of family, friends and local organizations to acquire employment of any type in the interim. (Ms.) Kerline Louissant, President of Le Chic Hair Design & Products, Incorporated is offering inmate McClore a Sales/Inventory position with a starting salary of $15.00 per hour. Andre D. Brown, Proprietor of B-Clean Janitorial Services is also offering inmate McClore a position in the janitorial service field. Willie McClore Jr., who owns a small lawn service business is also offering inmate McClore a position that pays $9.00 per hour. McClore says that he will have updated letters at his Board Hearing.

C. **Assessment:** McClore has been disciplinary free since 1997, and continues to pursue avenues open to him to comply with the Board's recommendations. He continues to enjoy support from family and friends.

V. **USINS STATUS:** McClore is a United States Citizen.

VI. **SUMMARY:**

A. Considering the commitment offense, prior record and prison adjustment, this writer believes the prisoner would probably pose a low degree of threat to the public at this time if released from prison. McClore answered the questions I had about his case. He expressed a great deal of remorse for the victim and accepted responsibility for his part of the crime.

B. Prior to release the prisoner could benefit by maintaining his disciplinary free behavior and participating in any self help therapy that may be offered by CDC.

C. This report is based upon an interview with the prisoner on 6/4/04 lasting approximately one hour(s) and a review of the Central File lasting approximately three hours.

D. Prisoner was afforded an opportunity to examine his Central File on 6/4/04 which he did per the CDC 128-B of the same date.

E. No accommodation was required per the Armstrong vs. Davis BPT Parole Proceedings Remedial Plan (ARP) for effective communication.

# DISCIPLINARY SHEET

### CDC 128A's:

None.

### CDC 115's:

| Date | Code | Location | Description |
|---|---|---|---|
| 03/04/85 | 3005(B) | CCC | Being Out of Bounds After Evening Re-Call and Refusing a Direct Order. Guilty: 10 days disciplinary detention. |
| 03/07/85 | 3041 | CCC | Refusing to Perform Assigned Duties. Guilty: assessed 10 days. |
| 11/21/87 | 3011/3016 | FOL | Destroyed State Prop/Homebrew in Cell. Guilty: assessed 120 days loss of credit |
| 11/26/87 | 3016 | FOL | Homebrew in Cell. Guilty: assessed loss of credit. |
| 02/25/94 | 3005(C) | CSP-COR | Assault and Battery Causing GBI. Guilty: assessed 90 days loss of credit. |
| 03/06/97 | 3041(D) | ASP | Failure to Participate. Guilty: assessed 30 days forfeiture credit. |

MCCLORE, WILBUR          C50493                    CTF-SOLEDAD                OCT/2004

| BOARD OF PRISON TERMS | STATE OF CALIFORNIA |
|---|---|

## LIFE PRISONER: POSTCONVICTION PROGRESS REPORT

- ☐ DOCUMENTATION HEARING
- ☒ PAROLE CONSIDERATION HEARING
- ☐ PROGRESS HEARING

**INSTRUCTIONS**
TO CDC STAFF: DOCUMENT EACH 12-MONTH PERIOD FROM THE DATE THE LIFE TERM STARTS TO PRESENT
TO BPT STAFF: FOR EACH 12-MONTH INCREMENT APPLY THE GUIDELINES UNDER WHICH THE PAROLE DATE WAS ORIGINALLY ESTABLISHED, ie., 0-2 MONTHS FOR PBR AND 0-4 MONTHS FOR BPT. SEE BPT §§2290 - 2292, 2410 AND 2439.

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 10/03 to Present | | | **PLACEMENT:** Remained at the Correctional Training Facility (CTF). <br> **CUSTODY:** Remains at Medium A. <br> **VOC. TRAINING:** None noted. <br> **ACADEMICS:** None noted. <br> **WORK RECORD:** Continued full time assignment working as the photographer in the CTF-Central Visiting Room. No work supervisor's reports were noted for this period. <br> **GROUP ACTIVITIES:** None noted. <br> **PSYCH. TREATMENT:** None noted. <br> **PRISON BEHAVIOR:** McClore has remained disciplinary free this period. <br> **OTHER:** None. |

| CORRECTIONAL COUNSELOR'S SIGNATURE | | DATE |
|---|---|---|
| [signature] | | 9.16.04 |
| MC CLORE | C50493    CTF-SOLEDAD | OCT/2004 |

BPT 1004 (REV 7/86)                Page _1_

_____  9.14.04
G. Williams                        Date
Correctional Counselor I


_____  9-14-04
F. Deguzman                        Date
Correctional Counselor II


_____  9-14-04
R. Pope                            Date
Facility Captain


_____  9-17-04
D. S. Levorse  CAPR                Date
Classification and Parole Representative


MCCLORE, WILBUR        C50493            CTF-SOLEDAD           OCT/2004