# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### DEPT 100

| | | |
|---|---|---|
| Date: OCTOBER 23, 2006 | | |
| Honorable: STEVEN R. VAN SICKLEN    NONE | Judge J. PULIDO    Bailiff NONE | Deputy Clerk    Reporter |

(Parties and Counsel checked if present)

BH003866
In re,
W. LYNN McCLORE,
    Petitioner,
On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed February 7, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (See Cal. Code Regs., tit. 15, § 2402; *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received into custody on December 6, 1987 and is serving a term of life plus one year with a minimum parole eligible date of April 5, 1993. Petitioner was convicted of kidnap for robbery, in violation of Penal Code section 209. The record reflects that on November 25, 1985, petitioner's crime partner approached the victim who was about to get out of her car and demanded her purse and money. Petitioner and his crime partner forced the victim into her car and then drove her to two stores where they forced her to buy shoes and clothing for them. After several hours, they released her on the side of a freeway.

The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on September 12, 2005. Petitioner was denied parole for one year. The Board concluded that Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison. There is some evidence that petitioner is unsuitable due to petitioner's 115 disciplinary violation for an assault and battery causing great bodily injury in 1994. (See Cal. Code Regs., tit. 15, § 2402(c)(6).)

The Board may find petitioner suitable if he shows that he understands the nature and magnitude of the offense. (See Cal. Code Regs., tit. 15, § 2402, subd. (d)(3).) The Court finds that there is some evidence to support the Board's finding that petitioner lacks "insight as to why you were doing the things you were doing or into how your crimes affected other people." The Board recommended that petitioner review his entire central file so he could return to his subsequent hearing prepared to discuss any insight he has developed as to his past and present attitude towards the crime.

The record further reflects that the Board also relied on the fact that prior panels from petitioner's last five hearings noted in their decisions that petitioner has had temper tantrums, fits, and arguments with the panel. Petitioner's inability to control his anger during these hearings is information which bears on and contributes to a pattern which results in a finding of unsuitability. (See Cal. Code Regs., tit. 15, § 2402, subd. (b).) The Board

1

| Minutes Entered |
|---|
| 10-23-06 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| Date: | OCTOBER 23, 2006 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH003866
In re,
W. LYNN McCLORE,
    Petitioner,
On Habeas Corpus

Counsel for Respondent:

was acting within its authority when it considered petitioner's various preconviction and post conviction factors, yet concluded that he would pose an unreasonable threat to public safety. (See Penal Code § 3041, subd.(b).)

Therefore, the petition is denied.

The court order is signed and filed this date.

A true copy of this minute order is sent to the petitioner via U.S. Mail as follows:

W. Lynn McClore
C-50493
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE

ATTEST 10-27-06

JOHN A. CLARKE,
Clerk/Executive Officer of the Superior
Court of California, County of Los Angeles.

BY _____, DEPUTY

JOSEPH M. PULIDO, S.C.C.
233249



2

Minutes Entered
10-23-06
County Clerk