# EXHIBIT 8

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re:                          )
                                )
  Wilbur Lynn McClore,          )          No._____
                                )
        Petitioner,             )          Court of Appeal No. B195256
                                )
    On Habeas Corpus.           )
_____)

PETITION FOR REVIEW

After Decision by the Court of Appeal
Second Appellant District
Filed January 11, 2007

Wilbur Lynn McClore, C-50493
In Pro Per

P.O. Box 689, B-217L
Soledad, CA 93960-0689

TABLE OF CONTENTS

TABLE OF AUTHOURITIES

QUESTIONS PRESENTED

NECESSITY FOR REVIEW

ARGUMENTS/MENORANDUM OF POINT AND AUTHORITIES

CONCLUSION

EXHIBIT A -- COURT OF APPEAL ORDER

TABLE OF AUTHORITIES

Cases:                                                          Page

Biggs v. Terhune
   (9th Cir. 2003) 334 F.3d 910                              2,3,4,

In re Mark Smith
(2003) 109 Cal. App.4th 489                                 3,

In re Ramirez
   (2001) 94 Cal. App. 4th 549                              2,4

In re Rosenkrantz
   (2002) 29 Cal. 4th 615                                   2,4,5

United States Constitution

5th and 14th Amendments                                     24

California Constitution

Article 1, Section 15

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re:                        )       No._____
                              )
    Wilbur Lynn McClore,      )
                              )       Court of Appeal No. B 195256
        Petitioner,           )
                              )
    On Habeas Corpus          )

## PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Petitioner Wilbur Lynn McClore hereby petitions this Court for review following the decision of the Court of Appeal, Second Appellant District, filed January 11, 2007, denying the Petition for Writ of Habeas Corpus. A copy of the decision is attached hereto as Exhibit A.

## QUESTIONS PRESENTED

1. Does the Boards decision violate Petitioner's right to due process because the reasons are not supported by the record, and effectively resentence Petitioner.

2. Does the Board's decision violate Petitioner's due process because there is no evidence that indicates Petitioner's release unreasonably endangers public safety?

3. Does the Board violate Petitioner's due process when the Superior Court does not show Relevant and Reliable Evidence that Petitioner is a current threat to public safety.

//

//

## NECESSITY OF REVIEW

A grant of review and resolution of these issues by this Court are necessary to secure uniformity of decision and to settle important questions of law.    The need for uniformity of decision is demonstrated by a comparison for this case with the factually similar in In re Ramirez (2002) 94 Cal. App. 4th 549 and Biggs v. Terhune (9th Cir. 2003) 334 F. 3d 910, which both resulted in court findings opposite to what the Court decisions in Petitioner's case. Petitioner submits that viewing these cases together demonstrates a lack of uniformity in application of the due process/egual protection standard of the 5th & 14th amendment of the U.S. Constitution.    The decision by the court of appeal in this case conflicts with other cases concerning crimes of kidnap and the due process standard set out by the Ninth Circuit Court of Appeals in Biggs v. Terhune (2003) 334 F.3d 910.    This case also provides the Court with an opportunity to decide if by denying parole to 98% of appearing prisoners, the Board is following the mandate of penal code section 3041 (a) that parole "shall normally" be granted, as this court mandated in In re Rosenkrantz, supra, at 683, or does the Board's repeated denials of parole to 98% of appearing inmates reflect their factual bias against parole.    And does the Executive Branch, past and present Governors refusal to adhere to the mandate that parole "shall normally" be granted futher reflect an illegal policy in violation of the mandate of penal code section 3041 (a)?

In summary, Petitioner respectfully submits that in the instant matter, there is not "some evidence" having an "indicia of reliability" to support each of the Board's findings required by

1  the United States Constitution, Fifth and Fourteenth Amendments,

2  the California Constitution, Article I section 15, and Biggs v.

3  Terhune supra, (9th Cir 2003) 334 F. 3d 910.

4  <u>ARGUMENT</u>

5  On September 12, 2005, Petitioner appeared before the Board of

6  Prison Terms and was again found unsuitable for parole after

7  serving more than 18 actual years , without the benefit of good

8  time credits, based on unchanging factors, i.e., the circumstances

9  of the offense, prior history. Petitioner received a 1 year denial.

10  On October 23, 2006, the Los Angeles Superior Court denied

11  Petitioner's petition for the issuance of a writ of habeas corpus.

12  (See Exhibit "B", attached hereto) Petitioner then filed a petition

13  for writ of habeas corpus in the Second Appellant District. On

14  January 11, 2007, that Court denied the Petition. (See Exhibit "A",

15  attached hereto). On January 16, 2007, under the Mailbox Rule,

16  Petitioner delivered to prison officials, the instant petition for

17  review. The petition for review is timely.

18  The Board's Decision To Deny Parole Was Not Supported By Evidence
   Having An "Indicia Of Reliability" That Petitioner Is Currently
19  An Unreasonable Risk or Threat To Society.

20  In Bigg, v. Terhune, supra, at p. 914 the Ninth Circuit Court of

21  Appeals held that "[b]ecause the California parole scheme [Penal

22  Code § 3041 (b))] vests in every inmate a constitutionally

23  protected liberty interest protested by the procedural safeguards

24  of the Due Process Clause, 'some evidence' having an 'indicia of

25  reliability' must underly every Board decision." The Biggs Court

26  then proceeded to establish a Federal standard for the California

27  Board of Prison Terms to follow when assessing the facts before it

28  during a parole consideration hearing. Biggs 334 F. 3d at 919

3.

1  concludes that although a commitment offense can provide some
2  evidence to justify the initial denial of a parole date, subsequent
3  denials in the face of exemplary behavior and overwhelming evidence
4  of rehabilitation raises serious questions involving Petitioner's
5  liberty interest in parole.    Petitioner submits the Board's
6  refusals to grant a parole date and repeated failure to provide
7  post-commitment support for its decisions have violated
8  petitioner's liberty interest and due process rights.  And the time
9  already served is in gross excess of the established guidelines
10 [Matrix, 15, CCR § 2403 (c)], for Petitioner's commitment offense,
11 and for the Board to continue to incarcerate Petitioner is a clear
12 violation of his Federal Due Process Rights.

13  Petitioner submits the mandatory language of P.C. § 3041 (b)
14 imposes an affirmative obligation by the Board to grant parole,
15 which presumption that parole release will be granted if certain
16 conditions are met. McQuillion v. Duncan (9th Cir. 2002) 306 F. 3d
17 895, 901-902; Biggs v. Terhune (9th Cir. 2003) 334 F 3d 910.
18 Petitioner submits he has met those conditions.

19  Petitioner respectfully submits that in accordance with the
20 recently announced Federal standard, this Court should grant review
21 to come into compliance with Federal law.

22  The Board of Parole Hearing Has An Anti-Parole Policy Or Policy
    Of Demonstrating Systematic Bias, Or Policy Of Underinclusion In
23  Their Decision Making By Denying Grants To Parole To 98% Of
    Appearing Inmates. To The "Shall Normally" Grant Parole As
24  Mandated By The Legislature When It Enacted Penal Code Section
    3041 (a).

25

26  Petitioner respectfully submits that a review of the available
27 state government statistical date, which can be provided if
28 requested, will demonstrate the Boards, past and present, denied

4.

1  parole to 99% to prisoners in violation of penal code section 3041

2  (a), as this court mandated in In re Rosenkrantz, supra, 29 Cal.

3  4th at 6893, in violation of the recently announced Federal

4  standard set out by the Ninth Circuit Court of Appeals in Biggs v.

5  Terhune, supra, at 916-917.

6      In this case, Petitioner submits the Board affected its desired

7  result by "simply identifying 'some evidence' from the record to

8  support [the] desired result," ignoring the principles outlined in

9  In re Ramirez, supra, at P. 536-564 and 571, and Biggs supra, at

10  pp. 916-917.   These facts do not and can not demonstrate that

11  Petitioner is <u>currently</u> an <u>unreasonable</u> threat to public safety if

12  released.   The hearing was a sham and a farce.

13      Petitioner submits he did not receive a fair parole hearing

14  because the hearing results reflect the Board's systematic bias

15  against granting parole.   The hearing was adjudicated in pro

16  forma, violating Petitioner's state and federal due process rights,

17  depriving petitioner of his federally protected liberty interest of

18  due process and equal protection under the fifth and fourteenth

19  amendments of the U.S. Constitutions and similar provisions under

20  the California Constitution and equal protection, to be released on

21  parole.

22                      CONCLUSION

23      For the above reasons, Petitioner respectfully submits this court

24  grant review, to insure uniformity of decision making as mandated

25  in In re Ramirez,   supra, and this court in In re Rosenkrantz,

26  supra, and the Ninth Circuit Court of Appeals standard set out in

27  Biggs v. Terhune supra.

28  Date: /-23-2007          Respectfully Submitted;

                            s. *Wilbur Lynn McClone*
                            Wilbur Lynn McClone, Petitioner
                            In Pro Per

# EXHIBIT "A"

Wilbur Lynn McClore
C-50493
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960


Case Number B195256
Division 3
In re W. Lynn McClore
on
Habeas Corpus

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL - SECOND DIST.

F I L E D

JAN 1 1 2007

JOSEPH A. LANE _____ Clerk

V. GRAY _____ Deputy Clerk

| | |
|---|---|
| In re<br><br>    Wilbur Lynn McClore,<br><br>on<br><br>Habeas Corpus. | B195256<br><br>(Los Angeles County<br>Super. Ct. No. BH003866)<br>(Steven Van Sicklen, Judge)<br><br>ORDER |

BY THE COURT:

The petition for writ of habeas corpus, filed December 4, 2006, has been read and considered and is denied. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1070-1095; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 676-677.)

# EXHIBIT    "B"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | OCTOBER 23, 2006 | | | Deputy Clerk |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Reporter |
| | NONE | Bailiff | NONE | |

(Parties and Counsel checked if present)

BH003866
In re,
W. LYNN McCLORE,
        Petitioner,
On Habeas Corpus

Counsel for Respondent:

Nature of Proceedings:  ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's Writ of Habeas Corpus filed February 7, 2006.  Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole.  (See Cal. Code Regs., tit. 15, § 2402; *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received into custody on December 6, 1987 and is serving a term of life plus one year with a minimum parole eligible date of April 5, 1993.  Petitioner was convicted of kidnap for robbery, in violation of Penal Code section 209.  The record reflects that on November 25, 1985, petitioner's crime partner approached the victim who was about to get out of her car and demanded her purse and money.  Petitioner and his crime partner forced the victim into her car and then drove her to two stores where they forced her to buy shoes and clothing for them. After several hours, they released her on the side of a freeway.

The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on September 12, 2005.  Petitioner was denied parole for one year.  The Board concluded that Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison.  There is some evidence that petitioner is unsuitable due to petitioner's 115 disciplinary violation for an assault and battery causing great bodily injury in 1994. (See Cal. Code Regs., tit. 15, § 2402(c)(6).)

The Board may find petitioner suitable if he shows that he understands the nature and magnitude of the offense. (See Cal. Code Regs., tit. 15, § 2402, subd. (d)(3).)  The Court finds that there is some evidence to support the Board's finding that petitioner lacks "insight as to why you were doing the things you were doing or into how your crimes affected other people."  The Board recommended that petitioner review his entire central file so he could return to his subsequent hearing prepared to discuss any insight he has developed as to his past and present attitude towards the crime.

The record further reflects that the Board also relied on the fact that prior panels from petitioner's last five hearings noted in their decisions that petitioner has had temper tantrums, fits, and arguments with the panel. Petitioner's inability to control his anger during these hearings is information which bears on and contributes to a pattern which results in a finding of unsuitability. (See Cal. Code Regs., tit. 15, § 2402, subd. (b).)  The Board

1

| Minutes Entered |
|---|
| 10-23-06 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | OCTOBER 23, 2006 | | | |
|---|---|---|---|---|
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH003866
In re,
W. LYNN McCLORE,
        Petitioner,
On Habeas Corpus

Counsel for Respondent:

was acting within its authority when it considered petitioner's various preconviction and post conviction factors, yet concluded that he would pose an unreasonable threat to public safety. (See Penal Code § 3041, subd.(b).)

Therefore, the petition is denied.

The court order is signed and filed this date.

A true copy of this minute order is sent to the petitioner via U.S. Mail as follows:

W. Lynn McClore
C-50493
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST __10-27-06__

JOHN A. CLARKE,
Clerk/Executive Officer of the Superior
Court of California, County of Los Angeles.

BY _Joseph M. Pulido_ , DEPUTY

JOSEPH M. PULIDO, S.C.C.
233219

2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA  90012 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>OCT 2 7 2006<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy |
| PLAINTIFF/PETITIONER:<br><br>W. LYNN McCLORE | |
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br><br>BH003866 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

- ☐ Order Extending Time
- ☐ Order to Show Cause
- ☐ Order for Informal Response
- ☐ Order for Supplemental Pleading

- ☐ Order re: Request for Extension of Time
- ☒ Order re: Writ of Habeas Corpus
- ☐ Order re:
- ☐ Copy of

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to the cause.  I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

October 27, 2006
DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: _Joseph M. Pulido_ , Clerk
Joseph M. Pulido

W. Lynn McClore
C-50493
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _W. Lynn McClore_, declare:

I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California.  My prison address is:

_W. lynn McClore_, CDCR #: _C 50493_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _B-217_
SOLEDAD, CA 93960-0689.

On _1-23-2007_, I served the attached:

_Petition For Review_

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined.  The envelope was addressed as
follows:

Supreme Court of California
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

Jerry Brown
Attorney General
P.O. BOX 85266
San Diego, CA
92186-5266

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.
Executed on _1-23-2007_.

_W. Lynn McClore_
Declarant

ATTORNEY GENERAL
SAN DIEGO

2007 JAN 26   AM 9: 39

1 | P.O. Box 689
  | Soledad, California 93960
2 | In Propria Persona

3

4

5

6

7

8 IN THE CALIFORNIA SUPREME COURT

9

10 In re                                      )
   Wilbur Lynn McClore,                       )    Case Number _____
11                                            )    [MOTION] APPLICATION FOR
                                              )    RELIEF FROM DEFAULT
12 On Habeas Corpus                           )
   _____   )

13

14

15    TO THE HONORABLE RONALD GEORGE, CHIEF JUSTICE OF THE CALIFORNIA

16 CALIFORNIA SUPREME COURT AND ASSOCIATE JUSTICES:

17    PLEASE TAKE NOTICE that the Petitioner in the above entitled

18 mattter respectfully submit an application for relief from default.

19 //

20 //

21 //

22 //

23 //

24 /

25 //

26 //

27 //

28 //

1  | <u>GOOD CAUSE EXIST FOR APPLICATION FOR RELIEF FROM DEFAULT</u>

2  | Petitioner, contends good cause exist for application for relief

3  | from default in light of the fact that:    although, the court of

4  | appeal filed its order on January 11, 2007, denying relief, that

5  | the last day a timely petition for review could have been filed was

6  | January 21, 2007, Petitioner contends due to the Correctional

7  | Training Facility, Soledad California where the Petitioner is

8  | currently confined for the past two weeks and due to prison

9  | overcrowding the fact that Petitioner must compete with over three-

10 | thousand inmates for the limited access to the prison library (two-

11 | out-of-six days the prison law library is open for business)

12 | prevented petitioner from filing a timely Petition For Review in

13 | the above entitled matter.

14 |

15 |

16 | I, Wilbur Lynn McClore, Petitioner in the above entitled matter

17 | declared under penalty of perjury that the above statements is true

18 | and correct.

19 | Excuted this date _1-23-2007_

20 |

21 |                                                Respectfully submitted

22 |                                                _Wilbur Lynn McClore_

23 |                                                Petitioner

24 |                                                In Propria Persona

25 |

26 |

27 |

28 |