IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. LYNN McCLORE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARGARITA PEREZ, Director, and<br>B. CURRY, Warden,<br><br>　　　　Respondents.<br>　　　　　　　　　　　　　　　　／ | No. C 07-3251 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

　　　　The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

　　　　In 1987, petitioner was sentenced to life in prison plus one year for kidnaping for robbery. The petition here is directed to a denial of parole by the Board of Parole Hearings on September 12, 2005. Petitioner contends that he has exhausted his issue, a claim that the denial was not supported by any evidence of current unsuitability, by way of state habeas petitions.

///

**DISCUSSION**

**A.     STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

Petitioner contends that there was no evidence that he was a threat to society at the time of the parole hearing.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.    RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

**a.    LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion*

*v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIM

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

///

4

1  It is now established under California law that the task of the Board of Parole Hearings
2  and the governor is to determine whether the prisoner would be a danger to society if he or she
3  were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some
4  evidence" requirement therefore is that there be some evidence that the prisoner would be such
5  a danger, not that there be some evidence of one or more of the factors that the regulations list
6  as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

7  Petitioner agreed that this description of his crime, which was read into the record at the
8  hearing from the court of appeal decision on direct appeal, is correct:

> It was established that at approximately 11:00 a.m. on November 23, 2985,
> [as] Kirsti Boucher was about to get out of her car in the parking lot of a Wendy's
> restaurant, a man came up to her[,] opened [her] car door and demanded her purse
> and money. When she responded she did not have a purse, the man struck her
> across the face and forced her by the neck into the passenger seat. Boucher gave
> the man her keys and told him her purse was in the trunk. Wh[ile] the man opened
> the trunk, Boucher saw appellant outside the passenger door to her car. Appellant
> entered the passenger side and the other man entered the car on the driver's side and
> pushed Boucher into the back seat. When she told the m[e]n, 'take my car, take
> everything, just let me out,' one of the men responded, 'Just sit back[.] [W]e're
> going for a ride." [A]s they drove, appellant went through Boucher's purse, taking
> money from her wallet. Appellant demanded that she write out a check for $200
> dollars and give it to him. Appellant ripped a necklace from her neck, took the rings
> from her fingers and her watch. [There]after she and her kidnappers went to two
> stores, where they forced her to buy shoes and clothing for them. Hours later, the
> men released Boucher on the side of the freeway.

17  (Exh. 5 at 7.)[1]

18  In its denial the Board emphasized petitioner's lack of insight into his offenses; that in
19  previous hearings, including one in 2003, he had thrown "temper tantrums" or "a fit" when told
20  that parole was denied; and that he had not participated in any "self-help" programs, such as
21  anger management, since the last hearing (*id.* 39-44). There is evidence to support each of
22  these conclusions (*id.* at 8-9 (insight), 32-33 (temper at hearings); 25 (self-help programs)).
23  Together, these facts, and especially petitner's inadbility to control his temper the hearings,
24  constitute "some evidence" to support the result. The rejections of petitioner's claim by the
25  state appellate courts were not contrary to, or an unreasonable application of, clearly-
26  established United States Supreme Court authority.

---

[1] All citations to "Exh." are to the exhibits filed by respondent in support of his answer, unless otherwise indicated.

5

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October   15  , 2008.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\MCCLORE251.RUL.wpd